## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AFTRA RETIREMENT FUND, in its capacity as a fiduciary of the AFTRA Retirement Fund, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Consolidated as Civil Action No. 09-00686 (SAS) (DF) <br><br> ECF Case |

BOARD OF TRUSTEES OF THE IMPERIAL
COUNTY EMPLOYEES' RETIREMENT
SYSTEM, in its capacity as a fiduciary of the
Imperial County Employees' Retirement
System, individually and on behalf of all others
similarly situated,

                                        Plaintiff,

         v.

JPMORGAN CHASE BANK, N.A.,
                                        Defendant.

THE INVESTMENT COMMITTEE OF THE
MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY
PENSION PLAN, in its capacity as a fiduciary
of the MaBSTOA Pension Plan, individually
and on behalf of all others similarly situated,

                                        Plaintiff,

         v.

JPMORGAN CHASE BANK, N.A.,
                                        Defendant.

## DECLARATION OF DENNY DELK IN SUPPORT
## OF LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Denny Delk, declare as follows:

1.      I am a member of the Board of Trustees of the Retirement Fund of the American Federation of Television and Radio Artists ("AFTRA Retirement Fund"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      I have been a trustee of the AFTRA Retirement Fund for approximately 20 years and I continue to serve in that capacity today. I am authorized to and hereby make this declaration on behalf of the Board of Trustees of the AFTRA Retirement Fund ("Board").

3.      On or about December 1, 2005, the AFTRA Retirement Fund entered into a Securities Lending Agreement with JPMorgan Chase Bank, N.A. ("JPMorgan"), pursuant to which JPMorgan loaned the AFTRA Retirement Fund's securities to third-party borrowers. As part of that transaction, the borrower would provide cash collateral to secure the loan to JPMorgan, which would then invest the cash collateral on behalf and for the benefit of the AFTRA Retirement Fund. JPMorgan had sole and exclusive authority to invest and manage the cash collateral during the term of the loan.

4.      As a consequence of JPMorgan's imprudent management of cash collateral and its significant conflicts of interest, the AFTRA Retirement Fund suffered losses.

5.      The Board is willing and able to serve as a class representative in this matter. We understand the duties of a being appointed a class representative, including the duty to prosecute this case on behalf of the entire class. We have been kept informed of the litigation through our outside counsel in this matter, Barroway Topaz Kessler Meltzer & Check, LLP, who we understand intends to petition the court to be appointed lead counsel for the class. We approve of their selection to serve in that capacity. We will consider the interests of the class

2

just as we consider our own interests and are able and prepared to continue to work with our counsel to stay informed about the issues in the case. We have already provided relevant requested documents and testimony in this matter and will continue to consult with counsel on all such matters.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this ___4___ day of May 2010.

Denny Delk, Trustee