UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AFTRA RETIREMENT FUND, in its capacity as a fiduciary of the AFTRA Retirement Fund, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | Consolidated as<br>No. 09-cv-00686 (SAS) (DF)<br>ECF Case<br><br> |
| BOARD OF TRUSTEES OF THE IMPERIAL COUNTY EMPLOYEES' RETIREMENT SYSTEM, in its capacity as a fiduciary of the Imperial County Employees' Retirement System, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | |
| THE INVESTMENT COMMITTEE OF THE MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY PENSION PLAN, in its capacity as a fiduciary of the MaBSTOA Pension Plan, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant. | |

**Shira A. Scheindlin, U.S.D.J.:**

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

This Action involves consolidated class action lawsuits brought by plaintiffs Board of Trustees of the AFTRA Retirement Fund ("AFTRA"), Board of Trustees of the Imperial County Employees' Retirement System ("ICERS"), and the Investment Committee of the Manhattan and Bronx Surface Transit Operating Authority Pension Plan ("MaBSTOA"), in their respective capacities as fiduciaries of the AFTRA Retirement Fund, the Imperial County Employees' Retirement System and the MaBSTOA Pension Plan (collectively, the "Named Plaintiffs" or "Plaintiffs") on behalf of themselves, and as representatives of a class described herein (the "Class") against Defendant JPMorgan Chase Bank, N.A. ("JPMC Bank" or "Defendant") for alleged breaches of fiduciary duty under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and claims under New York common law.

The terms of the settlement are set out in the Stipulation of Settlement, fully executed as of March 28, 2012 (the "Settlement"), by counsel on behalf of Plaintiffs and Defendant.[1]

Pursuant to Plaintiffs' Revised Motion for Preliminary Approval, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the Class. Upon reviewing the Settlement, Plaintiffs' Revised Motion for an Order Preliminarily Approving Settlement, Approving the Form and Manner of Notice, and Setting Final Approval Hearing Date, and the supporting memorandum of law, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement.

1.     **Class Certification.** The Court previously certified this Action as a class action pursuant to Federal Rule of Civil Procedure 23.  On August 4, 2010, the Court issued its order certifying the following Class under Federal Rule of Civil Procedure 23(b)(3):

> All plans and entities for which JPMorgan Chase Bank, N.A. pursuant to a securities lending agreement, invested cash collateral, either directly or through a collective investment vehicle, in one or more debt securities of Sigma Finance, Inc. and continued to hold those debt securities as of the close of business on September 30, 2008.

The Class includes only those investors who held Sigma Notes that had a maturity date of June 4, 2009, CUSIP number 8265Q0XQ. The parties have agreed that, for purposes of the Settlement, the Class shall not exclude any plan or entity solely because some or all of its investment in Sigma securities was transferred to another securities lending agent or custodian prior to September 30, 2008.  Further, in its August 4, 2010 Order, the Court appointed Plaintiffs AFTRA, ICERS, and MaBSTOA as class representatives and appointed Kessler Topaz Meltzer & Check, LLP Lead Counsel for the certified Class ("Lead Counsel").

2.     **Preliminary Findings Regarding Proposed Settlement.**  The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to on the eve of trial and only after Plaintiffs' Counsel had conducted extensive legal research and fact and expert discovery regarding the strengths and weaknesses of Plaintiffs' claims; (iii) Plaintiffs' Counsel have concluded that the proposed Settlement is fair, reasonable and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable and adequate to warrant sending notice of the proposed Settlement to the Class.  Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those Class members whose claims would be settled,

3

compromised, dismissed and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

3. **Final Approval.** Lead Counsel shall file their Final Approval Motion, on behalf of Plaintiffs' Counsel, including their request for approval of the Plan of Allocation, petition for attorneys' fees, Case Contribution Awards and reimbursement of expenses on May 7, 2012 or no later than twenty-eight (28) calendar days before the Final Approval Hearing. Lead Counsel shall also post their Final Approval Motion, including their request for approval of the Plan of Allocation, petition for attorneys' fees, Case Contribution Awards and reimbursement of expenses on the dedicated website for this Action as soon thereafter as possible.

4. **Final Approval Hearing.** A hearing is scheduled for June 4, 2012 at 5:00 p.m. EST (the "Final Approval Hearing") to determine, among other things:

- whether the Settlement merits final approval as fair, reasonable and adequate;
- whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- whether the notice method utilized by the Parties: (i) constituted the best practicable notice; (ii) constituted notice reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

4

- whether Plaintiffs' Counsel adequately represented the Class for purposes of entering into and implementing the Settlement;

- whether the proposed Plan of Allocation should be approved; and

- whether the applications for attorneys' fees, Case Contribution Awards and expenses to the Named Plaintiffs are fair and reasonable and should be approved.

5. **Notice.** The Plaintiffs have presented to the Court a proposed form of Notice, appended to the Stipulation as Exhibit C-1, and an Acknowledgement form, appended to the Stipulation as Exhibit C-2. The Court finds that such Notice fairly and adequately: (a) describes the terms and effect of the Settlement and the Plan of Allocation; (b) notifies the Class that Plaintiffs' Counsel will seek attorneys' fees, Case Contribution Awards up to $50,000 for each of the Named Plaintiffs for their service in such capacity, and reimbursement of expenses from the Settlement Fund; (c) gives notice to the Class of the time and place of the Final Approval Hearing; and (d) describes how the recipients of the Notice may exclude themselves from the Class and the Settlement or object to any of the relief requested. The Plaintiffs have proposed the following manner of communicating the notice to members of the Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the Court directs that Lead Counsel shall:

- By no later than ten (10) calendar days after the date of this Order, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by internet notice and mailed, first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort. Within five (5) calendar days from the date of this Order, JPMC Bank shall provide Lead Counsel, in electronic format, the

5

names and last known addresses of the members of the Class and also shall timely respond to any reasonable written requests for accessible data in JPMC Bank's custody or control necessary to allow Plaintiffs' Counsel or the Settlement Administrator to effectuate notice and to implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein).

- The Parties shall reasonably cooperate with one another to accomplish the requirements of this paragraph, as provided in the Settlement Agreement ¶ 14. The costs and expenses of preparing and disseminating the notice shall be paid from the Settlement Fund, as provided in the Stipulation.

6. **Acknowledgement.** In order to be eligible to share in a distribution of the Net Settlement Fund, Class Members must complete and timely submit to the Settlement Administrator the Acknowledgement, Receipt, and Release Form ("Acknowledgement"), substantially in the form appended to the Stipulation as Exhibit C-2, to the Settlement Administrator on or before May 14, 2012, or at least twenty-one (21) calendar days prior to the Final Approval Hearing, unless such deadline is extended by Order of the Court; *provided, however*, that, with consent of Lead Counsel, an otherwise valid Acknowledgement may be considered timely if it is submitted no later than thirty (30) days after the Final Approval Hearing. Any Class Member who fails to submit a timely Acknowledgement shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to the Stipulation (unless, by Order of the Court, late-filed Acknowledgements are accepted), but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of the Judgment and the releases provided for therein. Lead Counsel shall cause the Acknowledgement, with such nonsubstantive modifications thereto as may be agreed upon by

the Parties, to be provided to each member of the Class accompanying each communication of the Notice described above. Any Acknowledgement submitted by a Class Member will not be deemed to bar, waive or otherwise affect that Class Member's ability to object to all or any aspect of the Settlement.

7. **Exclusion from the Settlement.** Any member of the Class that wishes to be excluded from the Settlement pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure must submit a written Request for Exclusion (postmarked no later than May 14, 2012, or twenty-one (21) calendar days prior to the Final Approval Hearing) to the address below. In order to be valid, each Request for Exclusion must set forth the name and address of the plan or entity requesting exclusion, must state clearly that such plan or entity requests exclusion from the Class and the Settlement, and must be signed by a representative of the plan or entity requesting exclusion. Requests for Exclusion must be mailed to the Claims Administrator at:

> JPMorgan Securities Lending Litigation Administrator
> c/o Rust Consulting, Inc.
> P.O. Box 22
> Minneapolis, MN 55440-0022

Members of the Class that request exclusion (a) will *not* participate in any distribution of the Net Settlement Fund and will *not* receive a Settlement payment or credit; (b) will not be bound by the terms of the Settlement, including the releases, and will retain any right to file their own lawsuits concerning the Settled Claims; and (c) will not be able to object to the Settlement. Each member of the Class that does not request exclusion from the Class by May 14, 2012, will be considered a Class Member and will be bound by the Settlement.

8. **Objections to Settlement.** Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case

Contribution Awards for the Named Plaintiffs may file an objection. An objector must file with the Court Clerk a statement of his, her or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail copies of the objection and all supporting law and/or evidence to Lead Counsel and to JPMC Bank's Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

    Clerk of the Court
    United States District Court for the Southern District of New York
    Daniel Patrick Moynihan United States Courthouse
    500 Pearl Street, New York, NY 10007-1312
    Re: *Bd. of Trustees of the AFTRA Retirement Fund, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 1:09-CV-00686 (S.D.N.Y. 2009)

*To Lead Counsel:*

    Joseph H. Meltzer
    Peter H. LeVan, Jr.
    Shannon O. Braden
    Kessler Topaz Meltzer & Check, LLP
    280 King of Prussia Road
    Radnor, PA 19087

*To JPMC Bank's Counsel:*

    Lewis R. Clayton
    Jonathan H. Hurwitz
    Samuel E. Bonderoff
    Paul, Weiss, Rifkind, Wharton & Garrison, LLP
    1285 Avenue of the Americas
    New York, NY 10019-6064

The objector or his, her or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court on or before May 14, 2012 or no later than twenty-one (21) calendar days before the Final Approval Hearing. If an objector hires an

attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court on or before May 14, 2012 or no later than twenty-one (21) calendar days before the Final Approval Hearing. Any member of the Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court. Plaintiffs and/or JPMC Bank shall file any reply or response to any objection on or before May 28, 2012 or no later than seven (7) calendar days before the Final Approval Hearing.

9. **Appearance at Final Approval Hearing.** Any objector who files and serves a timely, written objection in accordance with paragraph 8 above may also appear at the Final Approval Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must effect service of a notice of intention to appear setting forth the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Lead Counsel and JPMC Bank's Counsel (at the addresses set out above) and file it with the Court Clerk by no later than May 14, 2012 or twenty-one (21) calendar days before the Final Approval Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown.

10. **Notice Expenses.** Pursuant to paragraph 20 of the Stipulation, Lead Counsel may pay from the Escrow Account, without further approval from JPMC Bank or further order of the Court, reasonable Notice Costs not to exceed $10,000.

11. **Service of Papers.** JPMC Bank's Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

12. **Termination of Settlement.** This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of January 24, 2012, if the Settlement is terminated in accordance with the terms of the Stipulation.

13. **Use of Order.** This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation involving any of the Parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach or liability and Defendant specifically denies any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she or it may have in the event that the Settlement is terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

14. **Jurisdiction.** The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly

administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

15. **Continuance of Hearing.** The Court reserves the right to continue the Final Approval Hearing without further written notice.

16. The Clerk of the Court is directed to close the motions for preliminary approval [Docket Nos. 171 and 175].

SO ORDERED this 30th day of March 2012.

HON. SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

11